# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN MICROMARKETS, INC. d.b.a. MARKOTS,<br><br>    Defendant. | Case No. CV 15-7259 FMO (KSx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

    Plaintiff filed his Complaint on September 16, 2015. By order dated December 17, 2015, plaintiff was ordered to show cause why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Court's Order of December 17, 2015). On the same date, plaintiff filed a proof of service reflecting service on defendant. (See Proof of Service). Pursuant to the date of service, defendant's answer was due on November 3, 2015. (See id.).

    On December 18, 2015, plaintiff was again ordered to show cause, on or before December 23, 2015, why this action should not be dismissed for lack of prosecution. (See Court's Order of December 18, 2015). Plaintiff was advised that either an answer or an application for entry of default had to be filed by the deadline set forth in the Court's Order of December 18, 2015. (See id.). As of the filing date of this Order, no answer or request for entry of default has been filed. Indeed, plaintiff did not file any response to the Order to Show Cause.

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112 (1986).  These factors include:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rule 41(b) and the court's inherent power to achieve the orderly and expeditious disposition of cases, see Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice is appropriate. Plaintiff's failure to file a request for entry of default or otherwise respond to the OSC makes it impossible for this action to move forward.  Accordingly, IT IS ORDERED that the above-captioned case is dismissed, without prejudice, for lack of prosecution and failure to comply with the orders of the court.  See Fed. R. Civ. P. 41(b).

Dated this 29th day of December, 2015.

/s/
Fernando M. Olguin
United States District Judge